1  STROOCK & STROOCK & LAVAN LLP
   DANIEL A. ROZANSKY (State Bar No. 161647)
2  SHANNON E. PONEK (State Bar No. 261135)
   2029 Century Park East, Suite 1600
3  Los Angeles, CA 90067-3086
   Telephone: 310-556-5800
4  Facsimile: 310-556-5959
   Email: lacalendar@stroock.com
5
   Attorneys for Petitioner
6    STROOCK & STROOCK & LAVAN LLP

FILED
CLERK, U.S. DISTRICT COURT
JAN 16 2013
CENTRAL DISTRICT OF CALIFORNIA
BY                             DEPUTY

7

8                   UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11

12 STROOCK & STROOCK & LAVAN    ) Case No. CV13-00336 MMM(JCx)
   LLP,                          )
13                               )
              Petitioner,        ) PETITION OF STROOCK &
14                               ) STROOCK & LAVAN LLP TO
         vs.                     ) CONFIRM ARBITRATION
15                               ) AWARD; MEMORANDUM OF
   RGM ENTERTAINMENT PTE LTD.    ) POINTS AND AUTHORITIES IN
16 and DEVESH CHETTY,            ) SUPPORT THEREOF
                                 )
17            Respondents.       )
                                 ) [Hearing to be noticed after assignment
18                               ) of case number]
                                 )
19                               ) [Declaration of Shannon E. Ponek filed
                                 ) and [Proposed] Order lodged
20                               ) concurrently]
                                 )
21                               )

22

23

24

25

26

27

28

PETITION TO CONFIRM ARBITRATION AWARD

NY 74349323

Petitioner Stroock & Stroock & Lavan LLP ("Stroock") hereby petitions this Court pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 9, 13, for an Order confirming the Arbitration Award dated December 5, 2012 and served on the parties by the International Commercial Arbitration Tribunal of the International Centre For Dispute Resolution, a division of the American Arbitration Association on December 6, 2012 in the arbitration proceeding between Stroock, petitioner, and respondents RGM Entertainment Pte Ltd. ("RGM") and Devesh Chetty ("Chetty," and collectively with RGM, the "Respondents"), as entered and directing that judgment be entered accordingly. The Petition is made on the following grounds:

## I.     JURISDICTION AND VENUE

1.     At all times mentioned herein, Stroock was, and is, a limited liability partnership organized and existing under the laws of New York with its principal place of business in New York, New York and an office in Los Angeles, California.

2.     RGM is a limited private company organized and existing under the laws of Singapore with its principal place of business in Singapore.

3.     Chetty is an individual who is a citizen of Singapore.

4.     This court has original jurisdiction over this action or proceeding, to grant relief under the FAA, 9 U.S.C. § 9 and because there is complete diversity of citizenship among Stroock and the Respondents and the amount in controversy exceeds $75,000.

5.     Venue is proper in this Court because this is the judicial district in which the arbitration award sought to be confirmed was made.

## II.     ARBITRATION AGREEMENT AND AWARD

6.     On or about March 20, 2012, Stroock initiated an arbitration proceeding before the AAA, International Centre for Dispute Resolution ("ICDR") in connection with a dispute relating to the Respondents failure to pay Stroock for its legal services. (Declaration of Shannon E. Ponek ("Ponek Decl."), Ex. 1.) The arbitration proceeding was entitled Stroock & Stroock & Lavan, LLP v. RGM Entertainment

Pte Ltd., et al., ICDR Case No. 50 194 T 00237 12 (the "Arbitration"). Stroock initiated the Arbitration in accordance with the parties' binding Arbitration Agreement. (See Ponek Decl., Ex. 2.) The making of the Arbitration Agreement is not at issue and neither is the validity and enforceability of the agreement to arbitrate under the FAA.

7. The ICDR appointed arbitrator Robert M. Nau (the "Arbitrator") as the sole arbitrator in the Arbitration on or about July 27, 2012. (Ponek Decl., Ex. 3.) There were no written extensions of time within which to make the award.

8. On September 13, 2012, the Arbitrator presided over a telephonic preliminary hearing. Counsel for Stroock appeared and there was no appearance by or on behalf of Respondents. Pursuant to the Arbitrator's Scheduling Order, the Arbitrator set a schedule for the submission of witness statements and documentary evidence supporting the parties' respective claims and defenses. (Ponek Decl., Ex. 4.) Pursuant to the Scheduling Order, on or about October 19, 2012, Stroock submitted written declarations along with accompanying documentary evidence and a brief outlining Stroock's legal position. There were no written submissions made by the Respondents. (Ponek Decl., Ex. 5.)

9. On December 5, 2012, the Arbitrator issued a detailed award in writing (the "Award"). (See Ponek Decl., Ex. 5.) As set forth in the Award, the Arbitrator found in favor of Stroock on all counts and awarded Stroock certain fees and expenses.

10. A copy of the Award was served on both parties by the ICDR via e-mail and FedEx on December 6, 2012. (See Ponek Decl., Ex. 6.) Thus, this Petition is filed timely within one year after the Award was made pursuant to Section 9 of the FAA.

11. To date, Respondents have urged no grounds to vacate, modify or correct the award.

1     WHEREFORE, Stroock prays that:

2         A. This Court enter an order confirming the Award, as authorized by
3  Section 9 of the FAA;

4         B. This Court enter a Judgment that confirms to the Award of the
5  Arbitrator;

6         C. Stroock be awarded its costs and disbursement in this proceeding;
7  and

8         D. Stroock be awarded any and all other relief that the Court deems just
9  and proper.

Dated: January 16, 2013

STROOCK & STROOCK & LAVAN LLP
DANIEL A. ROZANSKY
SHANNON E. PONEK

By: _____
        Shannon E. Ponek

Attorneys for Petitioner
STROOCK & STROOCK & LAVAN LLP

- 3 -

PETITION TO CONFIRM ARBITRATION AWARD

NY 74349323

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND STATEMENT OF FACTS

On or about March 20, 2012, Stroock initiated an arbitration proceeding before the AAA, International Centre for Dispute Resolution ("ICDR") in connection with Respondents breach of the parties' agreement by not paying Stroock for its legal services. (Declaration of Shannon E. Ponek ("Ponek Decl."), Ex. 1.) The arbitration proceeding was entitled <u>Stroock & Stroock & Lavan, LLP v. RGM Entertainment Pte Ltd., et al.</u>, ICDR Case No. 50 194 T 00237 12 (the "Arbitration"). Stroock initiated the Arbitration in accordance with the parties' binding Arbitration Agreement. (<u>See</u> Ponek Decl., Ex. 2.)

The ICDR appointed arbitrator Robert M. Nau (the "Arbitrator") as the sole arbitrator in the Arbitration on or about July 27, 2012. (Ponek Decl., Ex. 3.) On September 13, 2012, the Arbitrator presided over a telephonic preliminary hearing. Counsel for Stroock appeared and there was no appearance by or on behalf of Respondents. Pursuant to the Arbitrator's Scheduling Order, the Arbitrator set a schedule for the submission of witness statements and documentary evidence supporting the parties' respective claims and defenses. (Ponek Decl., Ex. 4.) Pursuant to the Scheduling Order, on or about October 19, 2012, Stroock submitted written declarations along with accompanying documentary evidence and a brief outlining Stroock's legal position. There were no written submissions made by the Respondents. (Ponek Decl., Ex. 5.)

On December 5, 2012, the Arbitrator issued a detailed award in writing (the "Award"). (<u>See</u> Ponek Decl., Ex. 5.) As set forth in the Award, the Arbitrator ruled, based upon the evidence and testimony presented, that "Respondents materially breached the Agreement by not paying [Stroock] the foregoing balance due for legal services rendered by [Stroock] to Respondents pursuant to the Agreement." (Ponek Decl., Ex. 5, ¶ 5.) The Arbitrator found in favor of Stroock and awarded Stroock the balance due of $205,788.61 plus certain fees and expenses. (Ponek Decl., Ex. 5, at

- 4 -

NY 74349323

5.) A copy of the Award was served on both parties by the ICDR via e-mail and FedEx on December 6, 2012. (See Ponek Decl., Ex. 6.)

## II. ARGUMENT

### A. THIS COURT SHOULD CONFIRM THE AWARD PURSUANT TO SECTION 9 OF THE FAA.

Section 9 of the Federal Arbitration Act ("FAA") mandates a court to confirm an arbitration award "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11" of the FAA. 9 U.S.C. § 9 (stating that a party may apply to a court for an order confirming an arbitration award and that the court "must" confirm such an award). As stated by the Ninth Circuit, an arbitration award "will not be set aside unless it manifests a complete disregard of the law." Barnes v. Logan, 122 F.3d 820, 821-22, (9th Cir. 1997). If, "on its face, the award represents a plausible interpretation of the contract, judicial inquiry ceases and the award must be enforced." Sheet Metal Workers Int'l Assoc. v. Arizona Mechanical & Stainless, Inc., 863 F.2d 647, 653 (9th Cir. 1988); Sheet Metal Workers' Int'l Ass'n Local 359 v. Madison Indus., Inc., 84 F.3d 1186, 1190 (9th Cir. 1996) (stating that judicial review of an arbitrator's decision "is both limited and highly deferential."). Thus, an arbitration award must be confirmed "[a]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority." United Food & Commercial Workers Int'l Union, Local 588 v. Foster Poultry Farms, 74 F.3d 169, 173 (9th Cir. 1995) (holding that award must be confirmed if arbitrator even arguably construed or applied contract and acted within the scope of its authority); see, e.g., Wailua Associates v. Aetna Cas. & Sur. Co., 27 F. Supp. 2d 1208, 1209-10 (D. Haw. 1997) (confirming award in its entirety under Section 9); Spine Surgery, Inc. ex rel. Odor v. Sands Bros., Inc., 393 F. Supp. 2d 1138, 1144 (W.D. Okla. 2005) (confirming arbitration as mandatory because defendant failed to demonstrate basis for vacating, modifying or correcting arbitration award).

NY 74349323

Here, the requirements for confirmation of the Award are easily satisfied. Pursuant to the Arbitrator's Scheduling Order, on or about October 19, 2012, Stroock submitted to the Arbitrator its written witness statements, documentary evidence and legal brief. Respondents did not make any written submissions. Subsequently, on December 5, 2012, the Arbitrator issued a detailed, written award in which the Arbitrator applied California law to the parties' dispute. Neither the enforceability of the Arbitration Agreement nor the validity of the Arbitration Agreement are, or were as part of the arbitration proceeding, in dispute.

Importantly, no petition to vacate or correct the Award has been filed or served pursuant to Sections 10 or 11 of the FAA in order to preclude this Court from confirming the Award. Finally, this Court has jurisdiction over this matter pursuant to Section 9 of the FAA because this Court is the United States District Court in and for the district within which the Award was made.

Accordingly, the Award should be confirmed.

### III. CONCLUSION

For the foregoing reasons, the instant Petition should be granted in its entirety.

Dated: January 16, 2013

STROOCK & STROOCK & LAVAN LLP
DANIEL A. ROZANSKY
SHANNON E. PONEK

By: _____
Shannon E. Ponek

Attorneys for Petitioner
STROOCK & STROOCK & LAVAN LLP

# PROOF OF SERVICE

STATE OF CALIFORNIA    )
                       ) ss
COUNTY OF LOS ANGELES  )

I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action. My business address is: 2029 Century Park East, Los Angeles, California 90067-3086.

On January 16, 2013, I served the foregoing document(s) described as: **PETITION OF STROOCK & STROOCK & LAVAN LLP TO CONFIRM ARBITRATION AWARD; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action as follows:

See Attached Service List

☐ **(VIA PERSONAL SERVICE** By causing the document(s), in a sealed envelope, to be delivered to the person(s) at the address(es) set forth above.

☐ **(VIA U.S. MAIL)** In accordance with the regular mailing collection and processing practices of this office, with which I am readily familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope, with postage thereon fully prepaid, for collection and mailing on this same date following ordinary business practices, addressed as set forth above.

☑ **(VIA E-MAIL)** Based on a court order or an agreement of the parties to accept service by e-mail, I caused the documents to be sent to the persons at the e-mail addresses listed in the attached Service List.

☐ **(VIA ELECTRONIC CASE FILING)** I filed electronically the documents listed above, using the USDC-Northern District of California's electronic case filing service, on March 12, 2012. Counsel of record are registered to file electronically with this Court, and receive copies of the documents via e-mail from the Court to confirm filing.

☑ **(VIA OVERNIGHT DELIVERY)** By causing the document(s), in a sealed envelope, to be delivered to the office of the addressee(s) at the address(es) set forth above by overnight delivery via Federal Express, or by a similar overnight delivery service.

I declare that I am employed in the office of a member of the bar of this court, at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on January 16, 2013, at Los Angeles, California.

*/s/ Lynne Burns*
Lynne Burns

PETITION TO CONFIRM ARBITRATION AWARD

LA 50369273

|   |   |
|---|---|
| 1 | **SERVICE LIST** |
| 2 | |

3  By Federal Express:
   RGM Entertainment PTE Ltd. And
4  Devesh Chetty
   6 Orange Grove, #12-10
5  Singapore 237994

6  and

7  1 Kim Seng Promenade, #17-04 East Tower Great World City
   Singapore 237994
8

9  By Email:
   devesh.chetty@rgmentertainment.com
10 devesh@rgm.com.sg

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PETITION TO CONFIRM ARBITRATION AWARD

LA 50369273

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
COPY
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
STROOCK & STROOCK & LAVAN LLP

**DEFENDANTS**
RGM Entertainment PTE Ltd. and Devesh Chetty

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Daniel A. Rozansky (SBN 161647)
Shannon E. Ponek (SBN 261135)
STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, 16th Floor
Los Angeles, CA 90067
Telephone: (310) 556-5800

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Petition to Confirm Arbitration

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE/ PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☒ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | | ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | ☐ 871 IRS - Third Party 26 USC 7609 |

CV13-00336

**FOR OFFICE USE ONLY:** Case Number: _____
AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)      CIVIL COVER SHEET      Page 1 of 2
CCD-JS44

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No  [ ] Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No  [ ] Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  [ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.

[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.

[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Singapore |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Shannon E. Ponek _____   Date _Jan. 16, 2013_

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |