COPY

1  STROOCK & STROOCK & LAVAN LLP
   DANIEL A. ROZANSKY (State Bar No. 161647)
2  SHANNON E. PONEK (State Bar No. 261135)
   2029 Century Park East, Suite 1600
3  Los Angeles, CA  90067-3086
   Telephone: 310-556-5800
4  Facsimile:  310-556-5959
   Email:  lacalendar@stroock.com
5
   Attorneys for Petitioner
6    STROOCK & STROOCK & LAVAN LLP

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11
   STROOCK & STROOCK & LAVAN,          Case No.
12 LLP,                                 CV13-00336 MMM (JCx)

13              Petitioner,             DECLARATION OF SHANNON E.
                                        PONEK IN SUPPORT OF
14       vs.                            PETITION OF STROOCK &
                                        STROOCK & LAVAN LLP TO
15                                      CONFIRM ARBITRATION AWARD
   RGM ENTERTAINMENT PTE LTD.
16 and DEVESH CHETTY,                   [Hearing to be noticed after assignment
                                        of case number]
17              Respondents.
                                        [Petition filed and [Proposed] Order
18                                      lodged concurrently]

19

20

21

22

23

24

25

26

27

28

                    DECLARATION OF SHANNON E. PONEK IN SUPPORT OF
                         PETITION TO CONFIRM ARBITRATION AWARD

NY 74369209

FILED
CLERK, U.S. DISTRICT COURT
JAN 1 6 2013
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

## DECLARATION OF SHANNON E. PONEK

1.   I am admitted to practice before this Court and am an associate with Stroock & Stroock & Lavan LLP ("Stroock"), counsel for petitioner Stroock in this action.  I submit this Declaration in support of Stroock's Petition to Confirm Arbitration Award (the "Petition").  The facts set forth herein are true of my own personal knowledge, except where based on a review of the pleadings and records in this action and, if called as a witness, I could and would competently testify thereto.

2.   Attached hereto as Exhibit 1 is a true and correct copy of Stroock's Demand for Arbitration before the American Arbitration Association (the "AAA") in connection with a dispute relating to Respondents RGM Entertainment PTE Ltd. and Devesh Chetty (the "Respondents") failure to pay Stroock for its legal services.  The arbitration proceeding was entitled Stroock & Stroock & Lavan, LLP v. RGM Entertainment Pte Ltd., et al., ICDR Case No. 50 194 T 00237 12 (the "Arbitration").

3.   Stroock initiated the Arbitration in accordance with the parties' binding Arbitration Agreement.   A true and correct copy of the parties' binding Arbitration Agreement is attached hereto as Exhibit 2.

4.   On or about July 27, 2012, the AAA, International Centre for Dispute Resolution (the "ICDR") appointed arbitrator Robert M. Nau (the "Arbitrator") as the sole arbitrator in the Arbitration on or about July 27, 2012.  A true and correct copy of the ICDR's correspondence appointing the Arbitrator is attached hereto as Exhibit 3.  There were no written extensions of time within which to make the award.

5.   On September 13, 2012, the Arbitrator presided over a telephonic preliminary hearing.  Counsel for Stroock appeared and there was no appearance by or on behalf of Respondents.  Pursuant to the Arbitrator's Scheduling Order, the Arbitrator set a schedule for the submission of witness statements and documentary evidence supporting the parties' respective claims and defenses.  Attached hereto as Exhibit 4 is a true and correct copy of the Arbitrator's Scheduling Order.

- 1 -

NY 74369209

6.      Pursuant to the Scheduling Order, on or about October 19, 2012, Stroock submitted written declarations along with accompanying documentary evidence and a brief outlining Stroock's legal position.  There were no written submissions made by the Respondents.

7.      On December 5, 2012, the Arbitrator issued a detailed award in writing (the "Award").  Attached hereto as Exhibit 5 is a true and correct copy of the Award.  As set forth in the Award, The Arbitrator found in favor of Stroock and awarded Stroock the balance due of $205,788.61 plus certain fees and expenses.

8.      A copy of the Award was served on both parties by the ICDR via e-mail and FedEx on December 6, 2012.  Attached hereto as Exhibit 6 is a true and correct copy of the ICDR's correspondence transmitting the Award.

11.     To date, Respondents have urged no grounds to vacate, modify or correct the award.

I declare under penalty of perjury, under the laws of the State of California and the United States, that the foregoing is true and correct.  Executed this 16th day of January, 2013 at Los Angeles, California.

_____
Shannon E. Ponek

DECLARATION OF SHANNON E. PONEK IN SUPPORT OF
PETITION TO CONFIRM ARBITRATION AWARD

NY 74369209

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

# EXHIBIT 1



**American Arbitration Association**
*Dispute Resolution Services Worldwide*

**COMMERCIAL ARBITRATION RULES**
**DEMAND FOR ARBITRATION**

---

*MEDIATION: If you would like the AAA to contact the other parties and attempt to arrange a mediation, please check this box.* ☐
*There is no additional administrative fee for this service.*

| Name of Respondent<br>RGM Entertainment Pte Ltd. and Devesh Chetty | Name of Representative (if known) | | |
|---|---|---|---|
| Address<br>1 Kim Seng Promenade | Name of Firm (if applicable) | | |
| #17-04 East Tower Great World City | Representative's Address | | |
| City<br>Singapore | State | Zip Code<br>23799-4 | City | State | Zip Code |

| City<br>Singapore | State | Zip Code<br>23799-4 | City | State | Zip Code |
|---|---|---|---|---|---|
| Phone No.<br>011 65 6737 7959 | Fax No.<br>011 65 6737 2997 | | Phone No. | | Fax No. |
| Email Address: devesh@rgm.com.sg; dc@m1.blackberry.com;<br>devesh.chetty@rgmmedia.com; devesh.chetty@rgmentertainment.com | Email Address: | | |

The named claimant, a party to an arbitration agreement dated November 16, 2010_____, which provides for arbitration under the Commercial Arbitration Rules of the American Arbitration Association, hereby demands arbitration.

**THE NATURE OF THE DISPUTE**
Claimant and Respondents entered into a Retainer Agreement for the provision of legal services. Claimant provided all legal services required and billed Respondents in a timely manner. Respondents failed to pay amounts due under the Retainer Agreement. On November 16, 2010, Claimant and Respondents entered into an agreement to settle the outstanding invoices. Respondents failed to pay the amounts due in accordance with the November 2010 agreement and currently owe $205,788.61, plus interest.

| Dollar Amount of Claim $205,788.61 | Other Relief Sought: ☒ Attorneys Fees    ☒ Interest<br>☒ Arbitration Costs  ☐ Punitive/ Exemplary  ☒ Other Expert fees_____ |
|---|---|

Amount Enclosed $ 2,800.00_____    In accordance with Fee Schedule:  ☐Flexible Fee Schedule  ☒Standard Fee Schedule

PLEASE DESCRIBE APPROPRIATE QUALIFICATIONS FOR ARBITRATOR(S) TO BE APPOINTED TO HEAR THIS DISPUTE:
Familiarity with attorney/client fee disputes

Hearing locale Los Angeles, CA_____    (check one) ☐ Requested by Claimant  ☒ Locale provision included in the contract

| Estimated time needed for hearings overall:<br>_____ hours or ___2.00___ days | Type of Business:  Claimant ___Law firm_____<br>Respondent Entertainment production co. |
|---|---|

Is this a dispute between a business and a consumer? ☐Yes ☒ No  Does this dispute arise out of an employment relationship? ☐ Yes ☒ No

If this dispute arises out of an employment relationship, what was/is the employee's annual wage range? Note: This question is required by California law. ☐Less than $100,000  ☐ $100,000 - $250,000  ☐ Over $250,000

You are hereby notified that a copy of our arbitration agreement and this demand are being filed with the American Arbitration Association with a request that it commence administration of the arbitration. The AAA will provide notice of your opportunity to file an answering statement.

| Signature (may be signed by a representative)    Date:<br>March 0, 2012 | Name of Representative<br>Daniel A. Rozansky |
|---|---|
| Name of Claimant<br>Stroock & Stroock & Lavan LLP | Name of Firm (if applicable)<br>Stroock & Stroock & Lavan LLP |
| Address (to be used in connection with this case)<br>2029 Century Park East, 16th Floor | Representative's Address<br>2029 Century Park East, 16th Floor |

| City<br>Century City | State<br>CA | Zip Code<br>90067-3086 | City<br>Century City | State<br>CA | Zip Code<br>90067-3086 |
|---|---|---|---|---|---|
| Phone No.<br>310-556-5800 | Fax No.<br>310-556-5959 | | Phone No.<br>310-556-5800 | | Fax No.<br>310-556-5959 |
| Email Address:<br>lacalendar@stroock.com | | | Email Address:<br>drozansky@stroock.com | | |

To begin proceedings, please send a copy of this Demand and the Arbitration Agreement, along with the filing fee as provided for in the Rules, to: American Arbitration Association, Case Filing Services, 1101 Laurel Oak Road, Suite 100 Voorhees, NJ 08043. Send the original Demand to the Respondent.

Please visit our website at www.adr.org if you would like to file this case online. AAA Case Filing Services can be reached at 877-495-4185.

# ARBITRATION AGREEMENT

# STROOCK

September 27, 2007

Matthew C. Thompson
310-556-5944
MThompson@stroock.com

BY E-MAIL:

RGM Entertainment Pte Ltd
Attention: Devesh Chetty

Re:     Engagement of Stroock & Stroock & Lavan Legal Services

Dear Devesh:

We are pleased to have the opportunity to act as legal counsel to RGM Entertainment Pte Ltd in connection with various financing, corporate and entertainment matters that you refer to us from time to time.

Our services are provided on an hourly basis with billing rates for our attorneys and paralegals varying depending upon experience.  My current billing rate is $575 per hour.  We will also bill you for disbursement charges in connection with our representation, including charges for telephone calls, photocopying, messenger services, word processing, travel (at your request), filing fees, and secretarial overtime.  We have attached a Schedule of examples of disbursement charges and certain collection policies.  Our billing rates and disbursement charges are generally adjusted annually as of the first of each year.

We request an advance retainer of $25,000 which we will deposit into our general account and apply against our invoices as rendered.  We may request additional retainers in the future.  We shall have no obligation to perform services on your behalf until such retainers are received.

We understand that you may be working through one or more entities (including affiliates of RGM Entertainment Pte Ltd) or require certain third parties to be responsible for the payment of our invoices.  If at your request we bill such entities or third parties and are not paid, you agree to pay us such amounts directly without our having to pursue our remedies against such entities or third parties first.

If you issue any press releases (or grant press interviews) relating to any transactions for which we represent you, you will, at our request, endeavor to include a reference to us as your counsel.

50371517v1

STROOCK & STROOCK & LAVAN LLP · LOS ANGELES · NEW YORK · MIAMI
2049 CENTURY PARK EAST, LOS ANGELES, CA 90067-3086 TEL 310.556.5800 FAX 310.556.5959 WWW.STROOCK.COM

Ex. 1, page 5

Devesh Chetty
RGM Entertainment Pte Ltd
July 11, 2007
Page 2

This firm represents many other companies and individuals, and it is possible that during the time that we are representing you, your company will be involved in some matter with one of our current or future clients.  You agree that we may continue to represent, or undertake the future representation of, existing or new clients on any matter as long as we are not concurrently representing you in connection with such matter without your separate express consent.  As an example, we may represent you in connection with a transaction with another client, while simultaneously representing that client in connection with other matters.  Similarly, we may be representing other clients in connection with transactions with you while you are being represented by separate counsel.  We may also represent other clients that may be in direct competition with your activities.

Without limiting the generality of the preceding paragraph, you acknowledge that we previously have represented, and continue to represent, Chris Taylor and LEI Development Projects, Inc. (collectively, "LEI") in connection with various matters including, without limitation, in connection with certain matters directly adverse to you, including "Point Break 2" ("PB2").  You hereby consent to our continued representation of LEI (including in matters directly adverse to you) and waive any conflict of interest arising out of such representation, or out of our representation of you.  You agree to execute such other documentation reasonably required by us further explaining such conflict and acknowledging your waiver thereof.  We strongly encourage you to consult with independent counsel before agreeing to the forgoing waiver.  By executing this letter, you are (a) acknowledging you fully understand the conflict, (b) you have consulted with independent counsel before waiving it (or elected not to consult with such counsel), (c) you waive any conflict arising out of our representation of you and LEI (including in connection with PB2), and (d) acknowledge that the attorney client privilege applies to all of our communications with LEI.

Recently, third parties have brought frivolous lawsuits against the lawyer for the other side.  If any claim is brought against us by any third parties relating to any action we undertake at your request, then you agree to indemnify and hold us harmless from any and all loss, cost, or expense (including attorneys' fees) relating to such claim.

In order to avoid potential ambiguity as to the date of termination of the attorney-client relationship, if at any time we have not performed any services to you for over six months, our attorney-client relationship shall end, at which point we can represent third parties on unrelated matters that may be adverse to you.

You agree to pay any legal fees and costs owed to us pursuant to this letter without any set-off or offset for any claims by you against us for any alleged damages (including for alleged malpractice).  Thus, any such claims shall not be a defense to your payment of amounts owed

50371517v1

STROOCK & STROOCK & LAVAN LLP · LOS ANGELES · NEW YORK · MIAMI
2030 CENTURY PARK EAST, LOS ANGELES, CA 90067-3086 TEL 310.556.5800 FAX 310.556.5959 WWW.STROOCK.COM

Devesh Chetty
RGM Entertainment Pte Ltd
July 11, 2007
Page 3

to us, and you must separately pursue such claims pursuant to the provisions of this letter set forth below.

If any dispute arises between you and us with respect to any matters, including, without limitation, fee disputes or malpractice claims, we both agree to discuss such dispute in good faith in an effort to resolve it. If we are unable to resolve the dispute in an expeditious manner, we both waive any right to have a court action or jury trial, and the dispute shall be subject to binding arbitration conducted before a single arbitrator in Los Angeles in accordance with the rules of the American Arbitration Association ("AAA"), and the decision of the arbitrator shall be final and binding on all parties. However, at your election and as provided by law, any disputes as to fees and costs may be subject to binding arbitration pursuant to California Business and Professions Code sections 6200 et seq. (instead of under the AAA). In either case, the prevailing party shall be entitled to recover reasonable attorneys' fees from the other party.

Upon your request, we will explain any provision in any contract that we draft or negotiate on your behalf, but unless you so request, we shall assume that you understand the contract. The ultimate decision to enter into any contract – including a contract with onerous terms – is yours.

This letter reflects the entire agreement and understanding between us. No amendment or modification will be effective unless set forth in writing and signed by each of us. This letter may be executed in multiple facsimile or electronic counter parts each of which shall constitute an original and, when taken together, shall form a single instrument.

If you concur with the matters described above, please return an executed copy of this letter. We will not commence services on your behalf until we receive an executed copy of this letter together with the initial retainer. We thank you for the opportunity to represent you.

Very truly yours,

*Matt*

Matthew C. Thompson

Devesh Chetty
RGM Entertainment Pte Ltd
July 11, 2007
Page 4

UNDERSTOOD AND AGREED:

RGM ENTERTAINMENT PTE LTD

By: _DEVESH CHETTY_

Its: _CEO_

STROOCK & STROOCK & LAVAN LLP · LOS ANGELES · NEW YORK · MIAMI
2030 CENTURY PARK EAST, LOS ANGELES, CA 90067-3086 TEL 310.556.5800 FAX 310.556.5959 WWW.STROOCK.COM

# SCHEDULE TO ENGAGEMENT LETTER

1. Examples of Current Disbursement Charges:

| | |
|---|---|
| Auto mileage: | $ 0.36 cents a mile |
| Clerical Overtime: | $60.00 per hour |
| Clerical Meals: | $10.00 (Max. per person) |
| Facsimile: | $ 1.00 per page (outgoing faxes) plus telephone charges |
| Photocopying: | $ 0.20 cents a page |
| Velo binding: | $ 4.00 per new binding |
| | $ 2.00 per rebinding |
| Word Processing: | $60.00 per hour |

Other costs, such as LEXIS, Westlaw and other outside computerized research services, long distance telephone calls, consultants, process servers, outside messengers, express mail, filing fees, deposition and court transcripts, and the like, will vary in each instance and are billed as incurred.

2. Certain Collection Policies:

Payment is due on any bill we issue within 30 days after the billing date. Failure to make timely payment constitutes one circumstance which may result in suspension or termination of our services. Interest may be added at the rate of 1% per month on bills outstanding more than 30 days. In the event we initiate proceedings to collect past due amounts, you will pay for our costs of collection, including reasonable attorneys' fees and expenses.

50371517v1

# WIRE TRANSFER INSTRUCTIONS
## FOR
## STROOCK & STROOCK & LAVAN

Bank:               City National Bank

                    1850 Century Park East

                    Los Angeles, CA 90067

Account Name:       Transfer Account

Account No.:        019-198510

ABA No.:            122016066

Stroock Client:     RGM Entertainment Pte Ltd

50571517v1

# STROOCK

November 16, 2010

Matthew C. Thompson
310-556-5944
mthompson@stroock.com

BY E-MAIL

RGM Entertainment Pte Ltd
1 Kim Seng Promenade
# 17-04 Great World City East Tower
Singapore 237994
Attention: Devesh Chetty

Devesh Chetty
An Individual
1 Kim Seng Promenade
# 17-04 Great World City East Tower
Singapore 237994

Re:     Engagement Letter Dated September 27, 2007

Dear Devesh:

Reference is made to that certain engagement letter (the "Engagement Letter") dated September 27, 2007 by and between Stroock & Stroock & Lavan LLP ("Stroock") and RGM Entertainment Pte Ltd ("RGM Entertainment").

As of November 8, 2010, RGM Entertainment has unpaid legal bills of US $230,788.61 (the "Past Due Amount"), excluding certain interest owed on such Past Due Amount. RGM Entertainment and Mr. Chetty acknowledge and agree that such amount is many months past due, and that they have no right to offset, set off, reduce, deduct, or otherwise dispute the payment of such amount.

For good and valuable consideration, including the promises and covenants set forth in the Engagement Letter and this letter agreement, RGM Entertainment and Mr. Chetty, on the one hand, and Stroock, on the other hand, agree as follows:

LA 51325904v2

STROOCK & STROOCK & LAVAN LLP · LOS ANGELES · NEW YORK · MIAMI
2029 CENTURY PARK EAST, LOS ANGELES, CA 90067-3086 TEL 310 556 5800 FAX 310 556 5959 WWW.STROOCK.COM

Ex. 1, page 11

RGM Entertainment Pte Ltd
Devesh Chetty
November 16, 2010
Page 2


1.     Commencing December 1, 2010, and on or before the first of each calendar month thereafter, RGM Entertainment and Mr. Chetty covenant and agree that, collectively, they shall pay no less than US $5,000 to Stroock in partial payment of the Past Due Amount.  Further, they acknowledge and agree that such payments shall continue until such time as the Past Due Amount is paid in full.

2.     RGM Entertainment and Mr. Chetty acknowledge and agree that the foregoing payment obligation is joint and several and that Stroock may proceed against any or all of the parties hereto prior to or contemporaneously with proceeding against any other party hereto.

3.     RGM Entertainment and Mr. Chetty acknowledge and agree that should they fail to make any payment due hereunder, in addition to all other rights and remedies available to Stroock whether arising at law, in equity or otherwise, Stroock may immediately accelerate all amounts due hereunder and proceed against the parties hereto for recovery thereof.

4.     RGM Entertainment and Mr. Chetty acknowledge and agree that the arbitration provisions contained in the Engagement Letter are applicable to this obligation and the parties hereto.  Without limiting the generality of the preceding sentence, RGM Entertainment and Mr. Chetty acknowledge and agree that any dispute arising hereunder or in connection with the Engagement Letter will be resolved by binding arbitration pursuant to the then-effective rules of the American Arbitration Association, that the venue for such proceeding shall be Los Angeles, California, and that service on any party hereto may be effected in accordance with the applicable rules of the American Arbitration Association.  RGM Entertainment and Mr. Chetty waive any right they may have to a jury trial relating to the disputes arising hereunder or in connection herewith, and further waive any appellate rights and confirm the finality of the arbitration decision.  RGM Entertainment and Mr. Chetty waive any defenses they now or may hereafter have with respect to the foregoing including, but not limited to, any assertion that service of process in accordance with the rules of the American Arbitration Association is ineffective or that Los Angeles is an inconvenient forum.  Furthermore, RGM Entertainment and Mr. Chetty agree to submit to personal jurisdiction in Los Angeles, California at the American Arbitration Association for purposes of adjudication of any dispute arising hereunder or in connection with the Engagement Letter.


LA 51325904v2

STROOCK & STROOCK & LAVAN LLP · LOS ANGELES · NEW YORK · MIAMI
2029 CENTURY PARK EAST, LOS ANGELES, CA 90067-3086 TEL 310 556 5800 FAX 310 556 5959 WWW.STROOCK.COM

RGM Entertainment Pte Ltd
Devesh Chetty
November 16, 2010
Page 3

5.   The prevailing party in any dispute arising out of this agreement and/or the Engagement Letter shall be entitled to recover its reasonable attorneys' fees and costs.

6.   RGM Entertainment and Mr. Chetty acknowledge and agree that, from the date hereof until such time as the Past Due Amount is paid in full to Stroock, the statute of limitations relating to the payment of such amount to Stroock is tolled, which tolling may only be waived in writing by Stroock.

7.   Concurrently herewith, RGM Media Limited and/or RGM Group Pte Ltd is retaining the services of Stroock in connection with certain matters unrelated to "Point Break." RGM Entertainment and Mr. Chetty acknowledge and agree that in addition to all other rights and remedies of Stroock in connection with such retention, Stroock shall have the right to withdraw from such retention should RGM Entertainment and/or Mr. Chetty breach the terms of this agreement.

8.   Other than as expressly modified by this agreement, RGM Entertainment and Mr. Chetty acknowledge and agree that the Engagement Letter remains in full force and effect.

9.   This agreement will be governed by and construed in accordance with the internal laws of the State of California without regard to its conflict of law principles. This agreement reflects the entire agreement of the parties with respect to the subject matter hereof and, with the exception of the Engagement Letter, supersedes all prior understandings between the parties. The persons executing this agreement represent in law that they have the right to do so, are duly authorized to act on behalf of any entity for which they are signing, and acknowledge and agree that this agreement shall be binding upon them and the entity(ies) on whose behalf they are signing. This agreement may be executed in counterparts and transmitted electronically, which counterparts shall constitute an original and, when taken together, shall constitute a single instrument.

LA 51325904v2

STROOCK & STROOCK & LAVAN LLP · LOS ANGELES · NEW YORK · MIAMI
2029 CENTURY PARK EAST, LOS ANGELES, CA 90067-3086 TEL 310 556 5800 FAX 310 556 5959 WWW.STROOCK.COM

RGM Entertainment Pte Ltd
Devesh Chetty
November 16, 2010
Page 4

IN WITNESS WHEREOF, the parties hereto have executed this agreement to be effective as of the date first above written.

RGM ENTERTAINMENT PTE LTD

By: _____
     Devesh Chetty

_____
DEVESH CHETTY, an individual

Very truly yours,

*Matt*

Matthew C. Thompson
on behalf of Stroock & Stroock & Lavan LLP

STROOCK & STROOCK & LAVAN LLP · LOS ANGELES · NEW YORK · MIAMI
2029 CENTURY PARK EAST, LOS ANGELES, CA 90067-3086 TEL 310.556.5800 FAX 310.556.5959 WWW.STROOCK.COM

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA       )

3
                             )  ss

COUNTY OF LOS ANGELES  )

4

5
       I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action.  My business address is: 2029 Century Park East, Los Angeles, CA  90067-3086.

6

7
       On March 20, 2012, I served the foregoing document(s) described as:  **DEMAND FOR ARBITRATION** on the interested parties in this action as follows:

8

9
                             See attached Service List

10
☐    **(VIA PERSONAL SERVICE**  By causing the document(s), in a sealed envelope, to be delivered to the person(s) at the address(es) set forth above.

11

12
☐    **(VIA U.S. MAIL)**  In accordance with the regular mailing collection and processing practices of this office, with which I am readily familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope, with postage thereon fully prepaid, for collection and mailing on this same date following ordinary business practices, addressed as set forth above.

13

14

15
☑    **(VIA E-MAIL)**  I caused the document to be sent to the person at the e-mail address listed above.

16

17
☑    **(VIA FACSIMILE)**  By causing such document to be delivered to the office of the addressee via facsimile.

18
☑    **(VIA OVERNIGHT DELIVERY)**  By causing the document(s), in a sealed envelope, to be delivered to the office of the addressee(s) at the address(es) set forth above by overnight delivery via Federal Express, or by a similar overnight delivery service.

19

20

21
       I declare that I am employed in the office of a member of the bar of this court, at whose direction the service was made.

22
       I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

23

24
       Executed on March 20, 2012, at Los Angeles, California.

25

26
    Lynne Burns                                   
    [Type or Print Name]                   [Signature]

27

28

DEMAND FOR ARBITRATION

1

<u>SERVICE LIST</u>

2

3    RGM Entertainment Pte Ltd.
           and
4    Devesh Chetty (an individual)

5

**By Federal Express:**
6    1 Kim Seng Promenade
     #17-04 East Tower Great World City
7    Singapore  237994

8           and

9    61 Stamford Road
     #04-05 Stamford Court
     Singapore  178892
10

11   **By Facsimile:**
     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-2997
12

13   **By E-mail:**
     devesh@rgm.com.sg
14   dc@ml.blackberry.com
     Devesh.chetty@rgmmedia.com
15   Devesh.chetty@rgmentertainment.com

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 2

# STROOCK

September 27, 2007

Matthew C. Thompson
310-556-5944
MThompson@stroock.com

BY E-MAIL:

RGM Entertainment Pte Ltd
Attention: Devesh Chetty

Re:  Engagement of Stroock & Stroock & Lavan Legal Services

Dear Devesh:

We are pleased to have the opportunity to act as legal counsel to RGM Entertainment Pte Ltd in connection with various financing, corporate and entertainment matters that you refer to us from time to time.

Our services are provided on an hourly basis with billing rates for our attorneys and paralegals varying depending upon experience.  My current billing rate is $575 per hour.  We will also bill you for disbursement charges in connection with our representation, including charges for telephone calls, photocopying, messenger services, word processing, travel (at your request), filing fees, and secretarial overtime.  We have attached a Schedule of examples of disbursement charges and certain collection policies.  Our billing rates and disbursement charges are generally adjusted annually as of the first of each year.

We request an advance retainer of $25,000 which we will deposit into our general account and apply against our invoices as rendered.  We may request additional retainers in the future. We shall have no obligation to perform services on your behalf until such retainers are received.

We understand that you may be working through one or more entities (including affiliates of RGM Entertainment Pte Ltd) or require certain third parties to be responsible for the payment of our invoices.  If at your request we bill such entities or third parties and are not paid, you agree to pay us such amounts directly without our having to pursue our remedies against such entities or third parties first.

If you issue any press releases (or grant press interviews) relating to any transactions for which we represent you, you will, at our request, endeavor to include a reference to us as your counsel.

50371017v1

STROOCK & STROOCK & LAVAN LLP · LOS ANGELES · NEW YORK · MIAMI
2049 CENTURY PARK EAST, LOS ANGELES, CA 90067-3086 TEL 310.556.5800 FAX 310.556.3939 WWW.STROOCK.COM

Devesh Chetty
RGM Entertainment Pte Ltd
July 11, 2007
Page 2

This firm represents many other companies and individuals, and it is possible that during the time that we are representing you, your company will be involved in some matter with one of our current or future clients. You agree that we may continue to represent, or undertake the future representation of, existing or new clients on any matter as long as we are not concurrently representing you in connection with such matter without your separate express consent. As an example, we may represent you in connection with a transaction with another client, while simultaneously representing that client in connection with other matters. Similarly, we may be representing other clients in connection with transactions with you while you are being represented by separate counsel. We may also represent other clients that may be in direct competition with your activities.

Without limiting the generality of the preceding paragraph, you acknowledge that we previously have represented, and continue to represent, Chris Taylor and LEI Development Projects, Inc. (collectively, "LEI") in connection with various matters including, without limitation, in connection with certain matters directly adverse to you, including "Point Break 2" ("PB2"). You hereby consent to our continued representation of LEI (including in matters directly adverse to you) and waive any conflict of interest arising out of such representation, or out of our representation of you. You agree to execute such other documentation reasonably required by us further explaining such conflict and acknowledging your waiver thereof. We strongly encourage you to consult with independent counsel before agreeing to the forgoing waiver. By executing this letter, you are (a) acknowledging you fully understand the conflict, (b) you have consulted with independent counsel before waiving it (or elected not to consult with such counsel), (c) you waive any conflict arising out of our representation of you and LEI (including in connection with PB2), and (d) acknowledge that the attorney client privilege applies to all of our communications with LEI.

Recently, third parties have brought frivolous lawsuits against the lawyer for the other side. If any claim is brought against us by any third parties relating to any action we undertake at your request, then you agree to indemnify and hold us harmless from any and all loss, cost, or expense (including attorneys' fees) relating to such claim.

In order to avoid potential ambiguity as to the date of termination of the attorney-client relationship, if at any time we have not performed any services to you for over six months, our attorney-client relationship shall end, at which point we can represent third parties on unrelated matters that may be adverse to you.

You agree to pay any legal fees and costs owed to us pursuant to this letter without any set-off or offset for any claims by you against us for any alleged damages (including for alleged malpractice). Thus, any such claims shall not be a defense to your payment of amounts owed

50371517v1

STROOCK & STROOCK & LAVAN LLP · LOS ANGELES · NEW YORK · MIAMI
2030 CENTURY PARK EAST, LOS ANGELES, CA 90067-3086 TEL 310.556.5800 FAX 310.556.5959 WWW.STROOCK.COM

Ex. 2, page 18

Devesh Chetty
RGM Entertainment Pte Ltd
July 11, 2007
Page 3

to us, and you must separately pursue such claims pursuant to the provisions of this letter set forth below.

If any dispute arises between you and us with respect to any matters, including, without limitation, fee disputes or malpractice claims, we both agree to discuss such dispute in good faith in an effort to resolve it. If we are unable to resolve the dispute in an expeditious manner, we both waive any right to have a court action or jury trial, and the dispute shall be subject to binding arbitration conducted before a single arbitrator in Los Angeles in accordance with the rules of the American Arbitration Association ("AAA"), and the decision of the arbitrator shall be final and binding on all parties. However, at your election and as provided by law, any disputes as to fees and costs may be subject to binding arbitration pursuant to California Business and Professions Code sections 6200 et seq. (instead of under the AAA). In either case, the prevailing party shall be entitled to recover reasonable attorneys' fees from the other party.

Upon your request, we will explain any provision in any contract that we draft or negotiate on your behalf, but unless you so request, we shall assume that you understand the contract. The ultimate decision to enter into any contract — including a contract with onerous terms — is yours.

This letter reflects the entire agreement and understanding between us. No amendment or modification will be effective unless set forth in writing and signed by each of us. This letter may be executed in multiple facsimile or electronic counter parts each of which shall constitute an original and, when taken together, shall form a single instrument.

If you concur with the matters described above, please return an executed copy of this letter. We will not commence services on your behalf until we receive an executed copy of this letter together with the initial retainer. We thank you for the opportunity to represent you.

Very truly yours,

*Matt*

Matthew C. Thompson

50371517v1

STROOCK & STROOCK & LAVAN LLP · LOS ANGELES · NEW YORK · MIAMI
2029 CENTURY PARK EAST, LOS ANGELES, CA 90067-3086 TEL 310.556.5800 FAX 310.556.5959 WWW.STROOCK.COM

Devesh Chetty
RGM Entertainment Pte Ltd
July 11, 2007
Page 4


UNDERSTOOD AND AGREED:

RGM ENTERTAINMENT PTE LTD

By: _Devesh Chetty_

Its: _CEO_

50371517v1

STROOCK & STROOCK & LAVAN LLP · LOS ANGELES · NEW YORK · MIAMI
2029 CENTURY PARK EAST, LOS ANGELES, CA 90067-3086 TEL 310.556.5800 FAX 310.556.5959 WWW.STROOCK.COM

Ex. 2, page 20

# SCHEDULE TO ENGAGEMENT LETTER

1 . Examples of Current Disbursement Charges:

| | |
|---|---|
| Auto mileage: | $ 0.36 cents a mile |
| Clerical Overtime: | $60.00 per hour |
| Clerical Meals: | $10.00 (Max. per person) |
| Facsimile: | $ 1.00 per page (outgoing faxes) plus telephone charges |
| Photocopying: | $ 0.20 cents a page |
| Velo binding: | $ 4.00 per new binding |
| | $ 2.00 per rebinding |
| Word Processing: | $60.00 per hour |

Other costs, such as LEXIS, Westlaw and other outside computerized research services, long distance telephone calls, consultants, process servers, outside messengers, express mail, filing fees, deposition and court transcripts, and the like, will vary in each instance and are billed as incurred.

2. Certain Collection Policies:

Payment is due on any bill we issue within 30 days after the billing date. Failure to make timely payment constitutes one circumstance which may result in suspension or termination of our services. Interest may be added at the rate of 1% per month on bills outstanding more than 30 days. In the event we initiate proceedings to collect past due amounts, you will pay for our costs of collection, including reasonable attorneys' fees and expenses.

50371517v1

Ex. 2, page 21

# WIRE TRANSFER INSTRUCTIONS
# FOR
# STROOCK & STROOCK & LAVAN

| | |
|---|---|
| Bank: | City National Bank |
| | 1850 Century Park East |
| | Los Angeles, CA 90067 |
| Account Name: | Transfer Account |
| Account No.: | 019-198510 |
| ABA No.: | 122016066 |
| Stroock Client: | RGM Entertainment Pte Ltd |

50571517v1

# STROOCK

November 16, 2010                                         Matthew C. Thompson
                                                           310-556-5944
                                                      mthompson@stroock.com

BY E-MAIL

RGM Entertainment Pte Ltd
1 Kim Seng Promenade
# 17-04 Great World City East Tower
Singapore 237994
Attention: Devesh Chetty

Devesh Chetty
An Individual
1 Kim Seng Promenade
# 17-04 Great World City East Tower
Singapore 237994

Re:     Engagement Letter Dated September 27, 2007

Dear Devesh:

Reference is made to that certain engagement letter (the "Engagement Letter") dated
September 27, 2007 by and between Stroock & Stroock & Lavan LLP ("Stroock") and
RGM Entertainment Pte Ltd ("RGM Entertainment").

As of November 8, 2010, RGM Entertainment has unpaid legal bills of US $230,788.61
(the "Past Due Amount"), excluding certain interest owed on such Past Due Amount.
RGM Entertainment and Mr. Chetty acknowledge and agree that such amount is many
months past due, and that they have no right to offset, set off, reduce, deduct, or otherwise
dispute the payment of such amount.

For good and valuable consideration, including the promises and covenants set forth in
the Engagement Letter and this letter agreement, RGM Entertainment and Mr. Chetty,
on the one hand, and Stroock, on the other hand, agree as follows:

LA 51325904v2

STROOCK & STROOCK & LAVAN LLP · LOS ANGELES · NEW YORK · MIAMI
2029 CENTURY PARK EAST, LOS ANGELES, CA 90067-3086 TEL 310 556 5800 FAX 310 556 5959 WWW.STROOCK.COM

Ex. 2, page 23

RGM Entertainment Pte Ltd
Devesh Chetty
November 16, 2010
Page 2

1.    Commencing December 1, 2010, and on or before the first of each calendar month thereafter, RGM Entertainment and Mr. Chetty covenant and agree that, collectively, they shall pay no less than US $5,000 to Stroock in partial payment of the Past Due Amount.  Further, they acknowledge and agree that such payments shall continue until such time as the Past Due Amount is paid in full.

2.    RGM Entertainment and Mr. Chetty acknowledge and agree that the foregoing payment obligation is joint and several and that Stroock may proceed against any or all of the parties hereto prior to or contemporaneously with proceeding against any other party hereto.

3.    RGM Entertainment and Mr. Chetty acknowledge and agree that should they fail to make any payment due hereunder, in addition to all other rights and remedies available to Stroock whether arising at law, in equity or otherwise, Stroock may immediately accelerate all amounts due hereunder and proceed against the parties hereto for recovery thereof.

4.    RGM Entertainment and Mr. Chetty acknowledge and agree that the arbitration provisions contained in the Engagement Letter are applicable to this obligation and the parties hereto.  Without limiting the generality of the preceding sentence, RGM Entertainment and Mr. Chetty acknowledge and agree that any dispute arising hereunder or in connection with the Engagement Letter will be resolved by binding arbitration pursuant to the then-effective rules of the American Arbitration Association, that the venue for such proceeding shall be Los Angeles, California, and that service on any party hereto may be effected in accordance with the applicable rules of the American Arbitration Association.  RGM Entertainment and Mr. Chetty waive any right they may have to a jury trial relating to the disputes arising hereunder or in connection herewith, and further waive any appellate rights and confirm the finality of the arbitration decision.  RGM Entertainment and Mr. Chetty waive any defenses they now or may hereafter have with respect to the foregoing including, but not limited to, any assertion that service of process in accordance with the rules of the American Arbitration Association is ineffective or that Los Angeles is an inconvenient forum.  Furthermore, RGM Entertainment and Mr. Chetty agree to submit to personal jurisdiction in Los Angeles, California at the American Arbitration Association for purposes of adjudication of any dispute arising hereunder or in connection with the Engagement Letter.

LA 51325904v2

STROOCK & STROOCK & LAVAN LLP · LOS ANGELES · NEW YORK · MIAMI
2029 CENTURY PARK EAST, LOS ANGELES, CA 90067-3086 TEL 310 556 5800 FAX 310 556 5959 WWW.STROOCK.COM

Ex. 2, page 24

RGM Entertainment Pte Ltd
Devesh Chetty
November 16, 2010
Page 3

5.    The prevailing party in any dispute arising out of this agreement and/or the Engagement Letter shall be entitled to recover its reasonable attorneys' fees and costs.

6.    RGM Entertainment and Mr. Chetty acknowledge and agree that, from the date hereof until such time as the Past Due Amount is paid in full to Stroock, the statute of limitations relating to the payment of such amount to Stroock is tolled, which tolling may only be waived in writing by Stroock.

7.    Concurrently herewith, RGM Media Limited and/or RGM Group Pte Ltd is retaining the services of Stroock in connection with certain matters unrelated to "Point Break." RGM Entertainment and Mr. Chetty acknowledge and agree that in addition to all other rights and remedies of Stroock in connection with such retention, Stroock shall have the right to withdraw from such retention should RGM Entertainment and/or Mr. Chetty breach the terms of this agreement.

8.    Other than as expressly modified by this agreement, RGM Entertainment and Mr. Chetty acknowledge and agree that the Engagement Letter remains in full force and effect.

9.    This agreement will be governed by and construed in accordance with the internal laws of the State of California without regard to its conflict of law principles. This agreement reflects the entire agreement of the parties with respect to the subject matter hereof and, with the exception of the Engagement Letter, supersedes all prior understandings between the parties. The persons executing this agreement represent in law that they have the right to do so, are duly authorized to act on behalf of any entity for which they are signing, and acknowledge and agree that this agreement shall be binding upon them and the entity(ies) on whose behalf they are signing. This agreement may be executed in counterparts and transmitted electronically, which counterparts shall constitute an original and, when taken together, shall constitute a single instrument.

LA 51325904v2

STROOCK & STROOCK & LAVAN LLP · LOS ANGELES · NEW YORK · MIAMI
2029 CENTURY PARK EAST, LOS ANGELES, CA 90067-3086 TEL 310 556 5800 FAX 310 556 5959 WWW.STROOCK.COM

Ex. 2, page 25

RGM Entertainment Pte Ltd
Devesh Chetty
November 16, 2010
Page 4

IN WITNESS WHEREOF, the parties hereto have executed this agreement to be effective as of the date first above written.

RGM ENTERTAINMENT PTE LTD

By: _____

Devesh Chetty

_____

DEVESH CHETTY, an individual

Very truly yours,

*Matt*

Matthew C. Thompson
on behalf of Stroock & Stroock & Lavan LLP

LA 51325904v2

STROOCK & STROOCK & LAVAN LLP · LOS ANGELES · NEW YORK · MIAMI
2029 CENTURY PARK EAST, LOS ANGELES, CA 90067-3086 TEL 310 556.5800 FAX 310 556.5959 WWW.STROOCK.COM

# EXHIBIT 3



**International Centre
for Dispute Resolution**

Thomas Ventrone
Vice President

1633 Broadway, 10th Floor, New York, NY 10019
telephone: 212-484-4181 facsimile: 212-246-7274
internet: http://www.adr.org/ICDR

July 27, 2012

**Via E-Mail Only**
Daniel A. Rozansky, Esq.
Shannon E. Ponek, Esq.
Stroock Stroock & Lavan, LLP
2029 Century Park East
Suite 1600
Los Angeles, CA  90067-3086

**Via E-Mail and FedEx**
Devesh Chetty
6 Orange Grove, #12-10
Singapore 237994

**Via Certified Mail**
Devesh Chetty
1 Kim Seng Promenade
#17-04 East Tower Great World City
23799-4 SINGAPORE

Re: 50 194 T 00237 12
   Stroock & Stroock & Lavan, LLP
   vs
   RGM Entertainment Pte Ltd.
   Devesh Chetty

Dear Parties:

In furtherance to the ICDR correspondence dated July 11, 2012, this will confirm that there were no objections filed in response to Arbitrator Nau's disclosure statement dated July 1, 2012. Therefore, the appointment is hereby confirmed. Please find attached Arbitrator Nau's notarized oath.

At this stage the arbitration may proceed and a preliminary hearing will be scheduled shortly. Please find attached an invoice reflecting a deposit requested for Arbitrator's compensation for preliminary matters. Kindly, process a payment to be received by **August 3, 2012**. Wire-Transfer and Credit Card Authorization Form are attached. Checks can be made to American Arbitration Association and mailed directly to my attention at the address below.

Sincerely,

Neda Shahghasemi
International Case Manager
212 484 3262
ShahghasemiN@adr.org

Michael Namias
ICDR Supervisor
212 484 4170
NamiasM@adr.org

cc: Robert M. Nau (without attachments).

*A Division of the American Arbitration Association*

Ex. 3, page 27

# THE ARBITRATOR'S OATH

State of _California_ 
County of _Los Angeles_ } SS:

I attest that I have reviewed the panel biography which the American Arbitration Association provided to the parties on this case and confirm it is current, accurate and complete.

I attest that I have diligently conducted a conflicts check, including a thorough review of the information provided to me about this case to date, and that I have performed my obligations and duties to disclose in accordance with the Rules of the American Arbitration Association, Code of Ethics for Commercial Arbitrators and/or all applicable statutes pertaining to arbitrator disclosures.

I understand that my obligation to check for conflicts and make disclosures is ongoing for the length of my service as an arbitrator in this matter, and that failing to make appropriate and timely disclosures may result in my removal as arbitrator from the case and/or my removal from the AAA's Roster of Neutrals.

The Arbitrator being duly sworn, hereby accepts this appointment, and will faithfully and fairly hear and decide the matters in controversy between the parties in accordance with their arbitration agreement, the Code of Ethics, and the rules of the American Arbitration Association will make an Award according to the best of the arbitrator's understanding.

Dated: _7/1/12_        Signed: _Robert M Chan_

State of _California_ 
County of _Los Angeles_ } SS:

On this _17th_ day of _July_, 2012, before me personally came and appeared _Robert M. Nau_, to me known and known to me to be the individual described in and who executed the foregoing instrument and he/she acknowledged to me that he/she executed the same.

_Twila Rose Behrends_ 
Notary Public

TWILA ROSE BEHRENDS 
Commission # 1808934 
Notary Public - California 
Los Angeles County 
My Comm. Expires Aug 9, 2012

# EXHIBIT 4

**BEFORE THE INTERNATIONAL COMMERCIAL ARBITRATION TRIBUNAL OF
THE INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION**

| | |
|---|---|
| STROOCK & STROOCK & LAVAN, LLP,    ) )<br><br>         Claimant,   )<br>         )<br>       and     )<br>         )<br>RGM ENTERTAINMENT PTE LTD and DEVESH CHETTY,   )<br>         )<br>      Respondents.   ) | Arbitration No. 50 194 T 00237 12<br><br>REPORT OF PRELIMINARY HEARING AND SCHEDULING ORDER NUMBER ONE |

The parties to this arbitration are Claimant Stroock & Stroock & Lavan, LLP ("Claimant") and Respondents RGM Entertainment Pte Ltd. and Devesh Chetty ("Respondents"). This matter came on for a telephonic preliminary hearing on September 13, 2012, at 11:00 a.m. Daniel A Rozansky, Esq., Shannon E. Ponek, Esq. and Matthew Thompson, Esq., appeared on behalf of Claimant, and there was no appearance by or on behalf of Respondents. The Case Manager, Neda Shahghasemi, Esq., was also present during the Preliminary Hearing.

For good cause shown, the following matters were determined by the Arbitrator:

1.     Claimant represented that the Respondents have been served with the Demand for Arbitration and it appears to the satisfaction of the Arbitrator that Respondents have been provided with adequate notice of the date and time for the Preliminary Hearing.

2.     The Arbitration will be administered by the International Centre for Dispute Resolution ("ICDR") under the International Arbitration Rules of the American Arbitration

Association ("the Rules") as amended and in effect as of June 1, 2009.  It also appears that this matter is an "international arbitration" under California Code of Civil Procedure Section 1297.11, et seq., and the parties and counsel are requested to familiarize themselves with the additional rules and procedures set forth therein.

3.      The Claimant has agreed to the direct electronic exchange of documents and other information, in accordance with the Rules.  Any and all documents to be filed with or submitted to the Arbitrator shall be transmitted directly to the Arbitrator, with copies sent simultaneously to opposing counsel and the Case Manager.  There shall be no direct ex parte communication between any party, or counsel for any party, and the Arbitrator.  Unless ordered otherwise, all submissions and service shall be made by email.  Transmission to the Arbitrator shall be addressed as follows:  robertnau@gmail.com

4.      The Claimant advised the Arbitrator that the Claimant does not request any discovery in connection with this matter.

5.      The parties are hereby directed to exchange their witness lists in accordance with Article 20.2 of the Rules by no later than September 20, 2012.  A copy of the witness lists shall also be served concurrently on the Case Administrator and the Arbitrator in accordance with paragraph 3 of this Scheduling Order.

6.      The parties are hereby directed to exchange their evidence and any legal authorities in the form of written statements in accordance with Article 20.5 of the Rules by no later than October 19, 2012.  A copy of the evidentiary statements and legal authorities shall also be served concurrently on the Case Manager and the Arbitrator in accordance with paragraph 3 of this Scheduling Order.

2
50 194 T 00237 12
Stroock & Stroock & Lavan, LLP
vs.
RGM Entertainment Pte Ltd., et al.

Ex. 4, page 30

7.      The parties are hereby directed to exchange any rebuttal evidence they want the Arbitrator to consider in the form of written statements in accordance with Article 20.5 of the Rules by no later than October 26, 2012.  A copy of the rebuttal evidentiary statements shall also be served concurrently on the Case Administrator and the Arbitrator in accordance with paragraph 3 of this Scheduling Order.

8.      Any requests for the opportunity to cross-examine witnesses shall be made in writing and exchanged by no later than October 26, 2012.   A copy of the written requests for cross-examination of witnesses, if any, shall also be served concurrently on the Case Administrator and the Arbitrator in accordance with paragraph 3 of this Scheduling Order.  The Arbitrator will give due regard to any requests for cross-examination in accordance with the Rules and applicable law.

This scheduling order shall continue in effect unless and until amended by subsequent order of the Arbitrator.  The Case Manager is requested to serve a copy of this Report of Preliminary Hearing and Scheduling Order on the parties, in accordance with the Rules.

DATED:          September 13, 2012

LOCATION:  Los Angeles, California

ROBERT M. NAU,
Sole Arbitrator

3
50 194 T 00237 12
Stroock & Stroock & Lavan, LLP
vs.
RGM Entertainment Pte Ltd., et al.

Ex. 4, page 31

# EXHIBIT 5

**BEFORE THE INTERNATIONAL COMMERCIAL ARBITRATION TRIBUNAL OF
THE INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION**

| | | |
|---|---|---|
| STROOK & STROOK & LAVAN, LLP, | ) | |
| | ) | ICDR Case No. 50 194 T 00237 12 |
| Claimant, | ) | |
| | ) | ARBITRATOR'S AWARD |
| and | ) | |
| | ) | |
| RGM ENTERTAINMENT PTE LTD. and | ) | |
| DEVESH CHETTY, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

FILE _999903-06609_
RECEIVED _FedEx 12/7/12_
POSTMARKED _12/6/12_
STROOCK & STROOCK 1 LAV
_DAP/MCT/BHS/SLP_

    I, the undersigned Arbitrator, having been designated in accordance with the arbitration

provisions of the agreement between Strook & Strook & Lavan, LLP ("Claimant") and RGM

Entertainment Pte Ltd. ("RGM") dated September 27, 2007 ("the 2007 Agreement"), and the

arbitration provisions of the agreement among Claimant, RGM and Devesh Chetty ("Chetty")

dated November 16, 2010 ("the 2010 Agreement", and collectively with the 2007 Agreement,

("the Agreement"), and having been duly sworn, and having fully reviewed and considered the

written documents submitted to me by Claimant, and Respondents RGM and Chetty having

failed to submit documents after due notice in accordance with the applicable rules of arbitration,

do hereby issue the following Award:

I.

PRELIMINARY MATTERS.

    The parties to this arbitration are Claimant Strook & Strook & Lavan LLP ("Claimant")

and Respondents RGM Entertainment PTE Ltd. ("RGM") and Devesh Chetty ("Chetty", and

collectively with RGM, "Respondents").

    This matter came on for a telephonic preliminary hearing on September 13, 2012, at

11:00 a.m. Pacific Time.  Daniel A Rozansky, Esq., Shannon E. Ponek, Esq. and Matthew

Thompson, Esq., appeared on behalf of Claimant, and there was no appearance by or on behalf of

Respondents.  The Case Manager was also present during the Preliminary Hearing.

Pursuant to a Scheduling Order dated September 13, 2012, the Arbitrator set a schedule

for the submission of witness statements and documentary evidence supporting the parties'

respective claims and defenses.  Pursuant to the Scheduling Order, on or about October 19, 2012,

Claimant submitted the written Declarations of Michael Newtown, Billing Coordinator for

Claimant, Matthew C. Thomson ("Thomson"), a Partner at Claimant, Daniel A. Rozansky, a

Partner at Claimant and Shannon E. Ponek, a lawyer at Claimant, along with accompanying

documentary evidence.  The documentary evidence included the 2007 Agreement, the 2010

Agreement and Claimant's various billing records.  Along with the above Declarations, the

Claimant also submitted a brief outlining its legal position.

There were no written submissions made by the Respondents.

All of the foregoing submissions by Claimant have been reviewed and considered by the

Arbitrator.

RGM produces motion pictures.  Chetty signed the Agreement on behalf of RGM and

agreed to be personally liable for RGM's obligations to Claimant in the 2010 Agreement.

Claimant is a law firm whose lawyers are licensed to practice law in, among other jurisdictions,

the State of California.

In entering into the Agreement, Claimant agreed to provide legal services to RGM.

Thereafter, Claimant did provide legal services to RGM on various matters, and Claimant

2
ICDR#50194T0023712
Strook & Strook & Lavan, LLP
vs.
RGM Entertainment PTE LTD and Devesh Chetty

Ex. 5, page 33

submitted invoices and accounting statements showing an unpaid balance owed by RGM and Chetty to Claimant in the amount of US$205,788.61.  By this proceeding, Claimant seeks to recover damages from Respondents on account of Respondents' alleged failure to pay Claimant's outstanding invoices for legal services rendered.

II.

JURISDICTION AND RELATED PROCEDURAL ISSUES.

On or around March 20, 2012, Claimant filed its Demand for Arbitration with the American Arbitration Association ("AAA") and served the same on the Respondents.  The International Centre for Dispute Resolution ("ICDR") is the international division of the AAA, and was therefore charged with the administration of this international matter.  On March 20, 2012, Chetty called Thompson and acknowledged receipt of Claimant's Demand for Arbitration.  Respondents have not filed a written response to the Demand for Arbitration.  I find that arbitration of the dispute between the parties was properly initiated by Claimant pursuant to the Demand for Arbitration.

The Agreement provides, among other things, for binding arbitration of disputes before the AAA.  The Respondent has not submitted a written objection to my jurisdiction over this matter as arbitrator.  Accordingly, I find that I have jurisdiction over this matter.

I further find that, on or about March 20, 2012, Claimant served Respondents with a Notice of Client's Right to Arbitration, in accordance with and pursuant to the applicable provisions of the California Business and Professions Code.

On or about September 14, 2012, the Case Manager for the ICDR served the September

3
ICDR#50194T0023712
Strook & Strook & Lavan, LLP
vs.
RGM Entertainment PTE LTD and Devesh Chetty

13, 2012 Scheduling Order on the Respondents by email, Federal Express, and Certified U.S. Mail. Accordingly, I find that the parties all received proper notice of the procedures to be followed in connection with the arbitration hearing in this matter.

III.

FINDINGS.

1. The Arbitrator has considered all of the matters submitted for resolution, and given proper regard to applicable law.

2. The Agreement is binding and enforceable on the Claimant and the Respondents.

3. Pursuant to the Agreement, Claimant agreed to, and did, provide legal services to Respondents. Respondents both agreed to pay for Claimant's legal services in the Agreement.

4. There is a balance of US$205,788.61 due, owing and unpaid by Respondents to Claimant for legal services rendered by Claimant to Respondents pursuant to the Agreement.

5. Respondents materially breached the Agreement by not paying Claimant the foregoing balance due for legal services rendered by Claimant to Respondents pursuant to the Agreement.

6. The Agreement provides that, in the event of an arbitration to enforce the Agreement, the prevailing party shall be entitled to recover its reasonable attorneys' fees and costs. However, attorneys appearing pro se cannot recover fees because they have not "incurred" a fee obligation. Trope v. Katz, 11 Cal. 4th 274, 292, 45 Cal. Rptr.2d 241, 254 (1995). During the entire course of these proceedings, Claimant was represented by lawyers who are employed by or partners of Claimant. Accordingly, I find that Claimant is not entitled to an award of attorneys' fees in this matter.

4
ICDR#50194T0023712
Strook & Strook & Lavan, LLP
vs.
RGM Entertainment PTE LTD and Devesh Chetty

Ex. 5, page 35

IV.

AWARD.

1.  Claimant is entitled to recover the sum of US$205,788.61 from Respondents for Respondents' breach of contract.

2.  Claimant is entitled to recover interest on the sum of US$205,788.61 at the legal rate of 10% per annum from and after May 1, 2012, through the date of this Award, in the amount of $12,286.24.  From and after the date of this Award, Claimant shall be entitled to interest on the entire amount of the Award, at the legal rate.

3.  The administrative fees and expenses of the ICDR totaling US$2,840.00 and the fees and expenses of the Arbitrator totaling US$2,200.00 shall be borne entirely by Respondents. Therefore, Respondents shall reimburse Claimant the additional sum of US$5,040.00, representing said fees and expenses previously incurred by Claimant.

4.  This Award is in full settlement of all claims submitted to this Arbitration.  All claims not expressly granted herein are hereby denied.

I hereby certify that, for the purposes of Article 1 of the New York Convention of 1958, on the Recognition and Enforcement of Foreign Arbitral Awards, this Final Award was made in Los Angeles, California, U.S.A.


DATED:        December 5, 2012
LOCATION:  Los Angeles, California

ROBERT M. NAU,
Sole Arbitrator

5
ICDR#50194T0023712
Strook & Strook & Lavan, LLP
vs.
RGM Entertainment PTE LTD and Devesh Chetty

Ex. 5, page 36

State of California

County of Los Angeles   } SS:

On _12/5/2012_ before me, _Chuck Jiro Murayama, Notary Public_ ,
(name of notary public)

personally appeared ___Robert M. Nau_____ who proved to me
on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the
within instrument and who acknowledged to me that he/she/they executed the same in their
authorized capacity(ies), and by his/her/their signature(s) on the instrument the person(s), or
entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY of PERJURY under the laws of the state of California that the
foregoing paragraph is true and correct.

WITNESS my hand and official seal.



(Signature of Notary)

CHUCK JIRO MURAYAMA
Commission # 1990849
Notary Public - California
Los Angeles County
My Comm. Expires Oct 9, 2016

6
ICDR#50194T0023712
Strook & Strook & Lavan, LLP
vs.
RGM Entertainment PTE LTD and Devesh Chetty

Ex. 5, page 37

# EXHIBIT 6

 **I C**
**D R**  International Centre
for Dispute Resolution

Thomas Ventrone
Vice President

1633 Broadway, 10th Floor, New York, NY 10019
telephone: 212-484-4181 facsimile: 212-246-7274
internet: http://www.adr.org/ICDR

December 6, 2012

**Via E-Mail and FedEx**

Daniel A. Rozansky, Esq.
Shannon E. Ponek
Stroock Stroock & Lavan, LLP
2029 Century Park East
Suite 1600
Los Angeles, CA  90067-3086

Devesh Chetty
6 Orange Grove, #12-10
Singapore 237994

Devesh Chetty
1 Kim Seng Promenade
#17-04 East Tower Great World City
23799-4 SINGAPORE

Re: 50 194 T 00237 12
    Stroock & Stroock & Lavan, LLP
    vs
    RGM Entertainment Pte Ltd.
    Devesh Chetty

Dear Parties:

By direction of the Arbitrator we herewith transmit to you the duly executed Award in the above matter. An original version of the Award will be sent to you shortly.

At this time we have verified with the Arbitrator that he have submitted all requests for compensation and expenses in this matter. Accordingly, we have conducted a final reconciliation of the finances and are providing each party with a Financial History and Compensation Summary. If a party had any unused compensation deposits, we have issued a refund check that should arrive in the mail shortly.

Note that the financial reconciliation reflects costs as they were incurred during the course of the proceeding. Any apportionment of these costs by the arbitrator, per Article 31 of the International Dispute Resolution Procedures is addressed in the Award and is stated as one party's obligation to reimburse the other party for costs incurred.

There shall be no direct communication with the Arbitrator. All communications shall be directed to the Association.

*A Division of the American Arbitration Association*

Ex. 6, page 38

Please be advised that, per ICDR Case File Document Retention and Destruction Policy, all files and related documents will be destroyed **twenty-four (24) months** from the date of this letter. The ICDR will retain a separate copy of the Award. In the normal course of our administration, the AAA may maintain certain documents in our electronic records system. Such electronic records are not routinely destroyed and do not constitute a complete case file.

Thank you for using the services of the International Centre for Dispute Resolution, a worldwide leader in dispute resolution.

Sincerely,


Neda Shahghasemi
International Case Manager
212 484 3262
ShahghasemiN@adr.org

Michael Namias
ICDR Supervisor
212 484 4170
NamiasM@adr.org

cc:     Robert M. Nau, Esq.
        without financial information.

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA          )
                             )   ss
3

COUNTY OF LOS ANGELES        )

4

5

    I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action.  My business address is: 2029 Century Park East, Los Angeles, California  90067-3086.

6

7

    On January 16, 2013, I served the foregoing document(s) described as:  **DECLARATION OF SHANNON E. PONEK IN SUPPORT OF PETITION OF STROOCK & STROOCK & LAVAN LLP TO CONFIRM ARBITRATION AWARD** on the interested parties in this action as follows:

8

9

See Attached Service List

10

11

☐   **(VIA PERSONAL SERVICE**  By causing the document(s), in a sealed envelope, to be delivered to the person(s) at the address(es) set forth above.

12

13

14

☐   **(VIA U.S. MAIL)**  In accordance with the regular mailing collection and processing practices of this office, with which I am readily familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope, with postage thereon fully prepaid, for collection and mailing on this same date following ordinary business practices, addressed as set forth above.

15

16

☑   **(VIA E-MAIL)**  Based on a court order or an agreement of the parties to accept service by e-mail, I caused the documents to be sent to the persons at the e-mail addresses listed in the attached Service List.

17

18

19

☐   **(VIA ELECTRONIC CASE FILING)**  I filed electronically the documents listed above, using the USDC-Northern District of California's electronic case filing service, on March 12, 2012. Counsel of record are registered to file electronically with this Court, and receive copies of the documents via e-mail from the Court to confirm filing.

20

21

22

☑   **(VIA OVERNIGHT DELIVERY)**  By causing the document(s), in a sealed envelope, to be delivered to the office of the addressee(s) at the address(es) set forth above by overnight delivery via Federal Express, or by a similar overnight delivery service.

23

    I declare that I am employed in the office of a member of the bar of this court, at whose direction the service was made.

24

    I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

25

26

    Executed on January 16, 2013, at Los Angeles, California.

27

28

                                     Lynne Burns

DECLARATION OF SHANNON E. PONEK IN SUPPORT OF
PETITION TO CONFIRM ARBITRATION AWARD

1

## SERVICE LIST

2

3   By Federal Express:
    RGM Entertainment PTE Ltd. And
4   Devesh Chetty
    6 Orange Grove, #12-10
5   Singapore 237994

6   and

7   1 Kim Seng Promenade, #17-04 East Tower Great World City
    Singapore 237994
8

9   By Email:
    devesh.chetty@rgmentertainment.com
10  devesh@rgm.com.sg

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF SHANNON E. PONEK IN SUPPORT OF
PETITION TO CONFIRM ARBITRATION AWARD